UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NANCY V. DARROW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No: 4:15CV01468 HEA |
| | ) |
| ANGELA MESMER, | ) |
| | ) |
| Respondent. | ) |

# OPINION, MEMORANDUM AND ORDER

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. No.1] on September 23, 2015. Respondent filed a Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. No. 13] on January 8, 2016. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted. For the reasons set forth below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be dismissed.

## Procedural Background

On May 4, 2010, Petitioner pleaded guilty to the class B felony of identity theft in the St. Charles County Circuit Court, Eleventh Judicial Circuit. Petitioner

received a suspended imposition of sentence and was placed on probation for a period of five years.

On December 7, 2012 Petitioner appeared in the Circuit Court for St. Charles County, Eleventh Judicial Circuit for a probation revocation hearing. Petitioner waived her right to a hearing and admitted violating the conditions of her probation. As a consequence, her period of probation was revoked. Petitioner was then sentenced to ten years in the Missouri Department of Corrections.

Petitioner timely filed, on May 7, 2013, a motion for post-conviction relief pursuant to Rule 24.035, Missouri Rules of Criminal Procedure. Post-conviction relief counsel requested additional time to file an amended motion on May 28, 2013, which was granted. On January 17, 2014 the amended Rule 24.035 motion was filed amending paragraph 8 of the *pro se* motion filed by Petitioner.

On April 23, 2014 Hon. Ted House, Eleventh Judicial Circuit, St. Charles County Circuit Court denied the request for evidentiary hearing and denied the motion for post-conviction relief. The sole claim raised in the state plea court was that the court erred in accepting her plea because she never admitted she appropriated more than $5000 worth of credit, money, goods, service, or other property.

On June 22, 2014 Petitioner timely filed her notice of appeal to the Missouri Appeals Court, Eastern District of Missouri. In a Per Curiam opinion rendered by

the Missouri Appeals Court on March 17, 2015 the judgment of the plea court was affirmed. The Missouri Appeals Court noted the plea transcript fully satisfied the requirements of the law in the State of Missouri that Petitioner was aware of the nature and elements of the charge, there was a factual basis for the plea, and petitioner accepted as accurate that she appropriated over $8,000 in goods and services.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may

only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**Statute of Limitations**

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus. That window opens at the conclusion of direct review. The window closes a year later. Failure to file within that one year window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003). If an inmate does not seek a writ of certiorari on direct review, direct review concludes when the time limit for seeking further review expires. *Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Under Missouri Supreme Court Rule 30.01, Rule 30.03, Rule 81.04, and Rule 81.08, the time limit for filing a notice of appeal is ten days after sentencing.

## Procedural Bar

One who pursues relief under 28 U.S.C. §2254(b)(1)(A) must have exhausted the remedies available in the courts of the State. In order to effectuate the fulfillment of this requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues as application for federal habeas relief in federal court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). "A federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court"; otherwise, they are defaulted. *Winfield v. Roper,* 460 F.3d 1026, 1034 (8th Cir. 2006).

Exhaustion "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac,* 456 U.S. 107, 125 n.28, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982). Thus, "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law," the exhaustion requirement is satisfied. *Castille v. Peoples,* 489 U.S. 346, 351, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989). "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can

demonstrate cause and prejudice for the default." *Gray v. Netherland,* 518 U.S. 152, 161-62, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996).

In Missouri, "habeas corpus is not a substitute for appeal or post-conviction proceedings." *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 (Mo. banc 1993). "Missouri law requires that a habeas petitioner bring any claim that a conviction violates the federal or state constitution, including a claim of ineffective assistance of counsel, in a motion for post-conviction relief." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006). Accordingly, an offender who fails to raise his claims on direct appeal or in post-conviction proceedings has procedurally defaulted those claims "and cannot raise [the waived claims] in a subsequent petition for habeas corpus." *State ex rel. Nixon v. Jaynes,* 63 S.W.3d 210, 214 (Mo. banc 2001).

There are circumstances where a court may nonetheless reach the merits of a procedurally barred claim, but only if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). In order to satisfy the "cause" requirement, Petitioner must show that an "external" impediment prevented him from presenting his claim to the state court in a procedurally proper manner. *Id.* at 753.

## Discussion

Review under 28 U.S.C. § 2254 is a review to determine whether a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, Petitioner's allegations are set forth in Ground One: she received ineffective assistance of counsel at her probation revocation and in Ground Two: There was an in sufficient factual basis for her guilty plea because she did not steal $5000. The claim of ineffective assistance of probation revocation counsel was not presented in state court.

The ineffective assistance of probation revocation counsel claim not raised in her Rule 24.035 motion. As Respondent points out, it was not a cognizable claim under Missouri law. *Wood v. State*, 853 S.W.2d 369, 370 (Mo. App. E.D. 1993). However, there is/was a remedy available and cognizable in a Missouri state habeas proceeding. *See Abel v. Wyrick*, 574 S.W.2d 411 (Mo. banc 1978); *Brandt v. Percich*, 507 S.W.2d 951 (Mo. App. 1974). Petitioner concedes in her filing that she has not exhausted state remedies for this claim.

The second Ground for relief alleged by Petitioner is one wherein she asserts there was an insufficient factual basis for her guilty plea. She contends that she did not steal enough money to be charged with identity theft. This claim was addressed in her Missouri Rule 24.035 motion and by the Missouri Appeals Court. Petitioner therefore has exhausted all remedies as to this claim in the State courts.

In this case, Petitioner is presenting a mixed petition of exhausted and unexhausted claims to this Court. Pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), the claims contained in the Petition are not within the ambit of reviewable applications for writ of habeas corpus and must be dismissed. (a federal district court must "dismiss a petition for a writ of habeas corpus containing any claims that have not been exhausted in the state courts. Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* at 510).

**Conclusion**

Based upon the foregoing discussion and analysis the Petition for Writ of Habeas Corpus must be dismissed.

**Certificate of Appealability**

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court

should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786 Hence, no certificate of appealability will be issued.

    Accordingly

   **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **dismissed.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 13th day of September, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE